UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-21687-CIV-KING

MSPA CLAIMS 1, LLC,

    Plaintiff,

vs.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## FINAL ORDER OF DIMISSAL

**THIS MATTER** comes before the Court upon Defendant IDS PROPERTY CASUALTY INSURANCE COMPANY Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (DE 16), filed July 13, 2015.[1] In the motion, Defendant argues that the Amended Complaint (DE 10) must be dismissed because Plaintiff fails to allege that all conditions precedent to bringing suit have been fulfilled.

## BACKGROUND[2]

Plaintiff is an assignee of Florida Healthcare Plus ("FHCP"), a Health Maintenance Organization ("HMO") and a Medicare Advantage Plan participant

---

[1] The Court has additionally considered Plaintiff's Response in Opposition to the Motion (DE 17), filed July 30, 2015, and Defendant's Reply in Support of the Motion (DE 20), filed August 14, 2015.

[2] The facts recited herein are alleged in the Amended Complaint (DE 10), which the Court accepts as true for the purposes of Defendant's Motion.

1

("MAO"). Defendant was a primary payer obligated to pay for medical services for one of FHCP's insureds.

On February 20, 2015, Plaintiff sent a letter to Defendant demanding reimbursement of medical services and treatment charged to FHCP (pursuant to the Medicare Secondary Payer Act (the "MSP")), and, thereafter, Defendant failed to provide the appropriate reimbursement to Plaintiff.

Plaintiff asserts five causes of action. Count I seeks a "Declaratory Judgment as to Defendant's obligation to Reimburse Medicare Benefits;" Count II asserts a "Private Cause of Action for Double Damages" under the MSP, 42 U.S.C. § 1395y(b)(3)(A); Count III asserts an "Action for Accounting," seeking an equitable accounting of the amounts Defendant owes as a primary payer; Count IV asserts a claim for "Breach of Contract Pursuant to Section 627.736, Florida Statutes," seeking PIP benefits pursuant to an insurance contract which allegedly provided coverage to FHCP's insured; and Count V asserts a claim for "Equitable Subrogation," seeking double damages "[u]nder the private cause of action established by 42 U.S.C. § 1395y(b)(3)(A)."

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

The private right of action section 1395y(b)(3)(A) provides for MAOs is conditioned upon a "demonstrate[ion] that such primary plan has or had a responsibility to make payment . . . ." 42 U.S.C. § 1395y(b)(2)(B)(ii); *Glover v. Ligget Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). This "demonstration" is a condition precedent to bringing suit. *Glover*, 459 F.3d at 1309.

In the case at bar, Plaintiff's allegations fail to demonstrate Defendant's responsibility to pay through "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether there is a determination or admission of

3

liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." *See* 42 U.S.C. § 1395y(b)(2)(B)(ii). Accordingly, the Amended Complaint must be dismissed without prejudice to Plaintiff to reassert its claim after Defendant's responsibility to pay under section 1395y(b)(3)(A) has been demonstrated.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Defendant's Motion to Dismiss **(DE 16)** be, and the same are hereby, **GRANTED** and the Amended Complaint **(DE 10)** be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DENIED AS MOOT**, and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 28th day of August, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: All Counsel of Record